# Blankenship *v.* Parsons.

## *Action of Detinue.*

1. *Trial and its incidents; waiver of right to jury trial.*—When a cause, which was entered upon the jury docket at the demand of the plaintiff for a trial by jury, is subsequently transferred by the court to the non-jury docket, on motion of the defendant, in the absence of the plaintiff, and subsequently when both parties were present, it was tried by the court without a jury, to which plaintiff interposed no objection, the failure of the plaintiff to object at the time, is a waiver of his right to a trial by jury; and upon judgment being rendered against him, the plaintiff's objection that the cause was tried by the court without his consent can not be maintained.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action of detinue, brought by the appellant against appellee. The facts of the case are sufficiently stated in the opinion. The appeal is taken from a judgment in favor of the defendant.

BOWMAN & HARSH, for appellants.

L. V. LIPSCOMB, *contra.*

COLEMAN, J.—The plaintiff sued before a justice of the peace in detinue to recover specific property valued at less than twenty dollars. The case was appealed to the circuit court, and in due time according to the statute, the plaintiff demanded a jury in the trial of the case. Upon this demand the clerk placed the cause for trial upon the jury docket. Upon motion of the defendant in the absence of plaintiff, the court ordered the cause to be transferred to the non-jury docket. When the cause was reached for trial, the parties being present, the court tried the case without a jury, without the consent of the plaintiff, but without objection to its being tried by the court. The assignment of error is, that the court tried the case without a jury.

We do not deem it necessary to construe section 3407

of the Code of 1886, which prescribes that when the sum claimed does not exceed twenty dollars, the cause must be tried by the court without the intervention of a jury, or section five of the act to regulate practice and proceedings, in the circuit court of Jefferson county, (Acts of 1890-91, p. 353), or sections three and seven of the Acts of 1892-93, pp. 670-1, relating to the trial of causes when the circuit court is held at Bessemer, instead of Birmingham. Whether section 3407, *supra*, is a limitation upon cases of money demands, and not applicable to cases for the recovery of specific property, or whether the statutes referred to give either party a right to trial by jury in all cases without regard to the amount of the sum claimed, we are of the opinion that the facts of the case show a waiver of the right to a jury trial. It is true that the abstract states that the plaintiff demanded a jury, but it shows that the plaintiff entered upon the trial of the case by the court without a jury, without any objection on his part. Not until after judgment in favor of the defendant, does the plaintiff interpose the objection that the case had been tried without a jury without his consent. The waiver was as clearly implied by his conduct, as if it had been affirmatively expressed.

Affirmed.